19-271-cr
United States v. Barnes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 19-271-cr

CHRISTOPHER N. JOHNSON, JR.,

*Defendant,*

ANDRE L. BARNES,

*Defendant-Appellant*

---

FOR APPELLEE:                     Monica Jeanette Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:          André L. Barnes, *pro se*, Glenville, WV.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *J.*; Jonathan W. Feldman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on January 29, 2019, is **AFFIRMED**.

Defendant-Appellant André Barnes appeals from the district court's January 29, 2019, judgment of conviction entered after a jury found him guilty of one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1591, 1594(c), two counts of interstate transportation for the purpose of prostitution in violation of 18 U.S.C. § 2421(a), and six counts of sex trafficking in violation of 18 U.S.C. § 1591. Barnes proceeded *pro se* for the majority of the district court proceedings, including his trial, and continues *pro se* on appeal. We assume the reader's familiarity with the record.

## I. Arguments Raised in the District Court

We review a district court's findings of fact for clear error and its legal conclusions *de novo*. *See United States v. Lucky*, 569 F.3d 101, 105–06 (2d Cir. 2009).

Barnes argues that the district court lacked jurisdiction over his crimes because they were not transnational and did not affect interstate commerce, and he asserts that this Court lacks jurisdiction over the appeal for the same reasons. But Barnes was convicted of sex trafficking of minors and adults under 18 U.S.C. §§ 1591 and 1594 and transporting an individual for prostitution under 18 U.S.C. § 2421(a). The evidence showed, as affirmed by the jury verdict, that his trafficking conduct affected interstate commerce, and that he moved that individual between New

2

York and New Jersey. That establishes a connection to interstate commerce; nothing in the statute or the Constitution requires his victims to have crossed national borders as well.

Barnes argues that venue was improper in the Western District of New York because some of the conduct alleged occurred in New Jersey. That is irrelevant. The evidence showed that at least part of the charged conduct occurred in the Western District of New York. The fact that his criminal activity also extended to New Jersey does not defeat venue in the Western District of New York. *See* 18 U.S.C. § 3237(a) (providing that "[a]ny offense involving . . . transportation in interstate or foreign commerce" may be "prosecuted in any district from, through, or into which such commerce . . . or person moves").

Barnes argues that pre-trial delays violated his statutory rights to a speedy trial under Article IV(c) of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. § 2. But the IADA was not applicable to Barnes's criminal proceedings because he was never subject to a federal detainer; instead, he elected to remain in state custody and waived his rights under the IADA. Barnes also argues that the district court violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, by improperly excluding six months for his mental competency examination. The district court did not err; under § 3161(h)(1)(A), delays resulting from mental competency proceedings "must be excluded from the calculation of the speedy trial clock whether or not they are reasonable." *United States v. Vasquez,* 918 F.2d 329, 333 (2d Cir. 1990).

Barnes argues that his due process rights were violated because two Assistant United States Attorneys appeared at trial. Barnes asserts that "a party cannot be represented by two attorneys in the same capacity," Appellant's Br. at 57, citing *Matter of Kitsch Riker Oil Co.*, in which a state court determined that, under New York law, a plaintiff could be represented only by one "attorney

3

of record." 23 A.D.2d 502, 503 (N.Y. App. Div. 1965). Barnes's claim is frivolous. This case is not governed by New York law, and he cites no federal law that prohibits multiple attorneys from representing the same party in a criminal case.

Barnes challenges his conviction on Count Nine, which charged him with sex trafficking in violation of 18 U.S.C. §§ 1591(a) and (b)(1), as barred by *res judicata* because of a prior state conviction relating to the same victim. Even assuming that *res judicata* applies to criminal cases, it cannot apply where each case involves different parties or their privies. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Barnes's previous prosecution by a state government therefore could not bar prosecution by a different party, the federal government. Even if we liberally construe this claim as a double jeopardy claim, it also fails because a state prosecution does not bar a later prosecution by a different sovereign – here, the federal government. *See Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019).

## II.    Arguments Raised for the First Time on Appeal

We review the following claims, which Barnes did not raise in the district court, for plain error. *See United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020); Fed. R. Crim. P. 52(b).

Barnes argues that the second superseding indictment is invalid, principally because the United States Attorney signed it electronically, and it did not bear the foreperson's name or signature. But where a party files a document electronically, the act of filing through that party's authorized account "together with the person's name on a signature block, constitutes the person's signature." Fed. R. Crim. P. 49(b)(2)(A). Moreover, "the absence of the [foreperson's] signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 345 (1984) (internal citation omitted). Barnes also argues that the

4

indictment is facially insufficient and did not give him proper notice of the charges against him. We discern no plain error in the indictment, which gave sufficient detail regarding the time, place, and nature of his offenses and the identities of his victims.

Barnes next argues that his codefendant, Christopher Johnson, committed perjury at trial and that the Government suborned this perjury. In order to be granted a new trial on this basis, a defendant must show that the witness actually committed perjury, *see United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009), meaning the witness gave "false testimony concerning a material matter with the willful intent to provide false testimony," *United States v. Norman*, 776 F.3d 67, 84 (2d Cir. 2015) (internal quotation marks and citation omitted). Barnes has not provided this Court with transcripts of Johnson's trial testimony, let alone any evidence to demonstrate that his co-defendant falsely testified with the willful intent to give false testimony.

Barnes challenges his convictions for violating 18 U.S.C. § 2421 as time-barred by the five-year statute of limitations in 18 U.S.C. § 3282(a). However, 18 U.S.C. § 3299 provides that no statute of limitations applies to any felony offense under chapter 117 of Title 18. Because chapter 117 contains § 2421, no statute of limitations applied to Barnes's violations of § 2421.

We have considered all of Barnes's remaining arguments and find them to be either waived or without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5